## Hardy *versus* Sprowl.

Where there are unadjusted claims between the several part owners of a vessel, growing out of the employment of the joint property, no action lies by one against the other for contribution toward any particular expense, or for a share of any particular item of profit.

No action by one part owner against another, relative to such expenses or profits, can be sustained, except such as shall adjust all their respective claims together.

If no other mode can be agreed upon, the remedy is by action of account.

On Report from *Nisi Prius,* Wells, J. presiding.

Assumpsit by the owner of five-eighths of a schooner against the owner of the other three-eighths, to recover three eighths of sums paid by the plaintiff for towage and for protest.

*Abbott* and *Hubbard,* for the plaintiff.

*Dickerson,* for the defendant.

Shepley, C. J., orally. — Can one part owner pay a particular bill, due from the vessel, and immediately maintain suit for a contribution against the other part owners ? If *one* can adopt such a measure, so can the *others ;* and if such suits may be maintained for expenses, so they may be for profits at the end of each trip ; and thus the result might be a continued series of vexatious litigations, without having any tendency to adjust the general accounts between the parties. We think the law does not authorize suits of such a character.

No action by one part owner against another, growing out of such expenses and profits, can be sustained, except such as shall adjust all their respective claims together.

If no other mode can be agreed upon, the remedy is by ac-

tion of account. This is no new principle. It has often been announced. *Sturtevant* v. *Smith*, 29 Maine, 387; *Pingree* v. *McGuire*, 30 Maine, 508.                              *Nonsuit*.